COPY

1   SEYFARTH SHAW LLP
    G. Daniel Newland (State Bar No. 087965)
2   Amy K. Skryja (State Bar No. 214826)
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendant
    HILLSTONE RESTAURANT GROUP, INC.

6

7

8

9                    UNITED STATES DISTRICT COURT

10         IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   ALLSUN RUSCIGNO                    )   Case No. C09 05766
                                        )
12              Plaintiff,              )   NOTICE OF REMOVAL OF ACTION
                                        )   UNDER 28 U.S.C. § 1441(b)
13         v.                           )
                                        )   (DIVERSITY JURISDICTION)
14   HILLSTONE RESTAURANT GROUP, INC., a)
     Corporation, dba LOS ALTOS GRILL, and )  (Santa Clara County Superior Court Case
15   DOES 1-10                          )   No.: 09-CV-156252)
                                        )
16              Defendant.              )   Complaint Filed:  November 2, 2009
                                        )
17   _____)

18         TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

19   OF CALIFORNIA AND TO PLAINTIFF ALLSUN RUSCIGNO ("Plaintiff") AND HER

20   ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that Defendant HILLSTONE RESTAURANT GROUP, INC.

22   dba LOS ALTOS GRILL ("Defendant") removes this action, pursuant to 28 U.S.C. §§ 1332,

23   1441, and 1446, based on the following facts and applicable law:

24         **TIMELINESS OF REMOVAL**

25         1.     On November 2, 2009, Plaintiff filed a Complaint in the Superior Court of the

26   State of California in and for the County of Santa Clara, titled *Allsun Ruscigno, Jane Does 1-10*

27   *v. Hillstone Restaurant Group, Inc., a Corporation, dba Los Altos Grill, and Does 1-10*, Case

28   No. 09-CV-156252.  Plaintiff served the Summons and Complaint on November 9, 2009.

                                         1

1   Defendant answered the Complaint on December 8, 2009.  True and correct copies of these

2   pleadings are attached hereto as **Exhibit A**.  These documents constitute all process, pleadings,

3   notices, and orders served upon Defendant in this action.  28 U.S.C. § 1446(a).

4        2.     This Notice of Removal is filed within thirty (30) days of the date when

5   Defendant was first able to ascertain that this case was removable on diversity grounds.  It is also

6   filed within thirty days of service of the Complaint upon Defendant.  Defendant was served by

7   personal service, and received a copy of the Complaint on November 9, 2009.  Thus, removal as

8   to Defendant is timely pursuant to 28 U.S.C. Section 1446(b) and Rule 6(a) of the Federal Rules

9   of Civil Procedure.

10              **DIVERSITY JURISDICTION**

11       3.     This action is a civil action of which this Court has original jurisdiction under 28

12  U.S.C. Section 1332 because this action involves citizens of different states and the amount in

13  controversy exceeds the sum of $75,000, exclusive of interest and costs.

14              **PLAINTIFF'S CITIZENSHIP**

15       4.     Defendant is informed and believes and thereon alleges that Plaintiff is now, and

16  was at the time of the commencement of this action, a citizen and resident of the State of

17  California.  *See* Ex. A, ¶ 1 ("Plaintiff ALLSUN RUSCIGNO … [is a resident] of Santa Clara

18  County, California … .").  *See also Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986) (holding

19  that a party's domicile for purposes of diversity jurisdiction is determined at the time the lawsuit

20  is filed).

21              **DEFENDANT'S CITIZENSHIP**

22       5.     Defendant is now, and was at the time of the commencement of this action, a

23  corporation duly organized under the laws of the State of Delaware with its principal place of

24  business located in the State of Arizona.  Declaration of W. Glenn Viers, ¶ 2.  Pursuant to 28

25  U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it

26  has been incorporated and of the State where it has its principal place of business."

27       6.     Defendant is informed and believes that Does 1 through 10 have not been served

28  with the Summons and Complaint and have not appeared in the action, nor are they appropriate

1  defendants in an action in federal court.  The citizenship of the fictitious defendants, Does 1

2  through 10, "shall be disregarded" pursuant to 28 U.S.C. Section 1441(a).  *See also Fristoe v.*

3  *Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

4  ## AMOUNT IN CONTROVERSY

5      7.    The amount in controversy, exclusive of interest and costs, exceeds the sum of

6  $75,000.  28 U.S.C. section 1332(a).

7      8.    The Court may look to the removal papers for underlying facts establishing the

8  jurisdictional limit.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).  A removing

9  defendant need only show by a preponderance of evidence that plaintiff's claim exceeds the

10  jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir.

11  1996).

12      9.    The Court must take into account requests for punitive damages in ascertaining

13  the amount in controversy.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d

14  785, 787 (9th Cir. 1963) (punitive damages must be taken into account in ascertaining the

15  amount in controversy).  Furthermore, if attorneys' fees are recoverable by statute or contract,

16  then the fees claim is included in determining the amount in controversy as well.  *Goldberg v.*

17  *CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).

18      10.    Plaintiff seeks general damages; medical and related expenses; past and future

19  lost earnings; exemplary and punitive damages; emotional, mental and nervous pain and

20  suffering damages; and attorneys' fees pursuant to California Government Code § 12940.  Ex. A.

21  Thus, based on the allegations in Plaintiff's Complaint, Plaintiff seeks damages within the

22  jurisdictional authority of this Court.

23  ## VENUE/INTRADISTRICT ASSIGNMENT

24      11.    Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a)

25  because the state court action was filed in this District, and this is the judicial district in which

26  the action arose.

27  ///

28  ///

NOTICE OF REMOVAL TO DISTRICT COURT / STATE COURT CASE NO. 09-CV 156252

**NOTICE OF REMOVAL**

12.     Defendant, upon filing this Notice of Removal, is also filing a copy of this Notice of Removal with the Clerk of the Superior Court of the County of Santa Clara to effect this removal in accordance with 28 U.S.C. § 1446(d).

THEREFORE, Defendant gives notice that the above action, which was pending in the Superior Court of California, County of Santa Clara, is hereby removed to the United States District Court for the Northern District of California.

DATED: December 8, 2009                    SEYFARTH SHAW LLP


By_____
        Amy K. Skryja
Attorneys for Defendant
HILLSTONE RESTAURANT GROUP,
INC.

# EXHIBIT A

Arrow

FROM: Vivian Imperial (213)337-4615
CT - Los Angeles SOP Team
818 West Seventh Street

Los Angeles, CA 90017

TO: **Richard T. Fulton (404)881-7152**
**Alston & Bird LLP**
**1201 West Peachtree Street**
**One Atlantic Center**
**Atlanta, GA 30309**
Ref: SOP/0413900/515702375/Vivian Imperial



FedEx Revenue Barcode

CAD# 8318649
SHIP DATE: 10NOV09
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

** 2DAY **

**THU**
**A1**

TRK # 7906 8570 8323      FORM
0201

Deliver by:
**12NOV09**

30309   -GA-US



ATL

# SE QFEA

CLS0930009070₀



**11/12/09**

CT LOS ANGELES
Fedex
790685708323

Priority: Standard

**1 of 1**

Richard
Fulton
404-881-7152

**OAC-38101**

**OAC 38th Floor**

OAC 38th Floor

5202

 CT Corporation

**Service of Process
Transmittal**
11/10/2009
CT Log Number 515702375

| | |
|---|---|
| **TO:** | Richard T. Fulton, Partner<br>Alston & Bird LLP<br>1201 West Peachtree Street, One Atlantic Center<br>Atlanta, GA 30309-3424 |
| **RE:** | **Process Served in California** |
| **FOR:** | Hillstone Restaurant Group, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Allsun Ruscigno, et al., Pltfs. vs. Hillstone Restaurant Group, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | Santa Clarita County, Superior Court, CA<br>Case # 109CV156252 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Sexual harassment while under the employ of defendant - Retaliatory discharge |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/09/2009 at 12:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 3/30/10 at 3:00 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | John C. Stein<br>Boccardo Law Firm Inc.<br>111 W. St. John St.<br>Suite 400<br>San Jose, CA 95113<br>408-298-5678 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790685708323<br>Email Notification, Richard T. Fulton skip.fulton@alston.com<br>Email Notification, Karen Butler karen.butler@alston.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HILLSTONE RESTAURANT GROUP, INC., a Corporation, dba Los
Altos Grill, and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALLSUN RUSCIGNO, JANE DOES 1-10

[stamp: ENDORSED]

2009 NOV -2 P 3: 21

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By _____
S. GANGAYCO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA <br> 191 N. FIRST STREET <br> SAN JOSE, CA 95113 | **CASE NUMBER:** <br> *(Número del Caso):* <br> 109CV156252 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOHN C. STEIN, 111 W. St. John St., Ste. 400, San Jose, CA 95113 (408) 298-5678
Edward N. Ajlouny, 111 W. St. John St., Ste. 555, San Jose, CA 95113 (408) 297-6425

DATE: 0
*(Fecha)* NOV 0 2 2009    DAVID H. YAMASAKI Chief Executive Officer/ Clerk, by _____ , Deputy
*(Secretario)*    *(Adjunto)*
S. GANGAYCO

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Hillstone Restaurant Group, Inc., DBA Los Altos Grill

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [✓] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BOCCARDO LAW FIRM INC.
JOHN C. STEIN
111 W. St. John St., Ste. 400
San Jose, CA 95113
(408) 298-5678

EDWARD N. AJLOUNY
Attorney at Law
111 W. St. John St., Ste. 555
San Jose, California 95113
(408) 297-6425

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

ALLSUN RUSCIGNO, JANE DOES
1-10,

        Plaintiff,

v.

HILLSTONE RESTAURANT GROUP,
Inc., a Corporation, dba Los
Altos Grill, and DOES 1-10,

        Defendants.
_____/

No. CV **109CV156252**

**COMPLAINT FOR DAMAGES**

(Sexual Harassment--Hostile
Work Environment, Failure to
Maintain Environment Free
from Harassment, Retaliatory
Discharge, Negligent Hiring
and Retention

(Jury Trial Requested)

Plaintiff, ALLSUN RUSCIGNO, and JANE DOES 1-10 allege:

**GENERAL ALLEGATIONS**
(for all causes of action)

1. Plaintiff ALLSUN RUSCIGNO ("MS. RUSCIGNO") and JANE DOES 1-10, individuals, are, and at all times herein mentioned were, residents of Santa Clara County, California.

1

2. Defendant HILLSTONE RESTAURANT GROUP, INC. ("HILLSTONE") is, and at all times herein mentioned was, a Corporation, doing business in Santa Clara County, California, under the name Los Altos Grill restaurant.

3. The acts complained of in this complaint occurred in the County of Santa Clara, State of California.

4. Plaintiff is ignorant of the true names and capacities of those persons sued herein as Does 1 through 10, inclusive, and therefore sues those Defendants by such fictitious names. JANE DOES 1-10 are female employees whose names will be added if and when they join this lawsuit. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. Defendants, whether fictitious or otherwise, were the agents, servants or employees of each of the other Defendants, and in doing the things alleged herein, were acting within the scope or implied scope of such agency, employment or representation with the knowledge, consent and approval of each of the remaining Defendants.

**FIRST CAUSE OF ACTION**
(Sexual Harassment- Hostile Work Environment)
(Cal. Gvt. Code §12940)

6. Plaintiff hereby incorporates Paragraphs 1 through 5, inclusive, of the Complaint.

7. In or about March 2003, Ms. RUSCIGNO was hired by HILLSTONE GROUP to work at its Los Altos Grill restaurant as a waitress and bartender.

2

8.   Soon thereafter, Arnolfo Ruiz, aka "Junior," a co-employee working as a member of the kitchen staff, began a long-term pattern of sexually harassing Ms. RUSCIGNO and other female employees.  Defendant HILLSTONE, through its agents and employees, knew or should have known of this conduct and failed to take immediate and appropriate corrective action.

9.   Mr. Ruiz was notorious for his daily harassment of female employees who crossed his path at work.  According to former employee Miles Hoffman and John Doe #1, Mr. Ruiz's sexual harassment of female employees was seen and known by everyone at the restaurant, including management.

10.  Mr. Ruiz began harassing Ms. RUSCIGNO by continually calling her baby, honey and mami.  Ms. RUSCIGNO objected to this conduct and asked him to stop.  Mr. Ruiz began touching her inappropriately.  He would lift Ms. RUSCIGNO'S tank top while she carried heavy objects exposing her stomach, grab her stomach, buttocks, stroke her hands, and attempt to rub her shoulders.

11.  Again Ms. RUSCIGNO informed Mr. Ruiz his actions were unwanted, but he continued and the conduct worsened.  Mr. Ruiz would follow Ms. RUSCIGNO out to her car when work ended in the evening, accost her and ask her for rides.

12.  Ms. RUSCIGNO was embarrassed, scared and upset and complained to management, including James Arnold (General Manager) and Tim Cochran (Manager).  Management apparently "wrote-up" Mr. Ruiz and suspended him for a week; when he returned to work the harassment temporarily ended.  Mr. Ruiz

would not look at or speak with Ms. Ruscigno, making her job more difficult, since employees need to communicate to do their respective jobs well.

13.   In November 2004, Ms. RUSCIGNO quit her job at Los Altos Grill due to her husband's job relocation, only to return to work in January 2005.  General Manager James Arnold was soon replaced by John Becker.  With a new General Manager, Mr. Ruiz's harassment began anew and with greater intensity.

14.   Mr. Ruiz would "cat call" Ms. RUSCIGNO, touch her body, wait for her at her car at the end of the night and at the bank.  This occurred each time they worked together, approximately 3-5 times a week.  Ms. RUSCIGNO asked her husband for help.  He spoke with Mr. Ruiz and the harassment ended, temporarily.  Ms. RUSCIGNO left her job in or about September 2005.

15.   Ms. RUSCIGNO returned to work at Los Altos Grill in October 2006.  Mr. Ruiz did not harass her for an extended time period.

16.   In or about August 2008, when Mr. Ruiz apparently learned Ms. RUSCIGNO had separated from her husband, the began again and intensified.

17.   In or about October 2008, Mr. Ruiz began trying to touch Ms. Ruscigno's breasts with his shoulder as he walked by her, and would follow her into the refrigerator and turn off the lights.  Ms. RUSCIGNO again asked Mr. Ruiz to stop, and when he did not, asked co-worker David Lemus to ask him to stop as well.

Mr. Ruiz became even bolder by following her to her car during
daylight hours during her lunch break.

18.   On or about November 14, 2008, Mr. Ruiz followed Ms.
RUSCIGNO out to her car, snuck up behind her and trapped her
against the car.  Mr. Ruiz pulled at her tank top strap stating
she needed to let him take pictures of her and let him see her
breasts.  Ms. RUSCIGNO pushed him away and ran back to the
restaurant.

19.   Ms. RUSCIGNO immediately found General Manager Eric
Altfest, told him what had occurred and asked for help.  Mr.
Altfest stated he would help.  Later that evening, Kitchen
Manager Vy Diep called her into his office saying he needed her
help with something.

20.   Upon entering the small office, Mr. Ruiz was sitting
down.  Vy Diep told her to sit down facing Mr. Ruiz, and Mr.
Ruiz apologized.  Ms. RUSCIGNO was shocked and uncomfortable,
left the room and began to cry after enduring harassment from
this man on-and-off for five (5) years.

21.   While being consoled by another waitress, Eric Altfest
walked by and stated "Oh, am I interrupting some girl talk?"
The next day Eric Altfest told Ms. RUSCIGNO that he placed a
"write-up" in Mr. Ruiz's file.

22.   In or about January 2009, a female co-worker, Jane
Doe #3, told Ms. RUSCIGNO that Mr. Ruiz was touching her body
and did not know what to do.  Jane Doe #3 stated she had told
Eric Altfest about the harassment, and Mr. Ruiz did not come to

work for a few days. Ms. RUSCIGNO assumed he had been fired, but he came back to work.

23. When Jane Doe #3 saw Mr. Ruiz's car one day in the parking lot at the beginning of her shift, she began to cry. Jane Doe #3 went upstairs with Junior Manager Marina complaining about her inability to work with Mr. Ruiz at the job. Marina replied "It is what it is, we can't send him home now."

24. The next day Ms. RUSCIGNO called Eric Altfest demanding he fire Mr. Ruiz for her harassment, for Jane Doe #1's harassment, and other women who were harassed earlier. Eric Altfest replied that it "wasn't her fight." Two weeks later Mr. Ruiz was fired.

25. Ms. RUSCIGNO's managers acted coolly towards her after sticking up for herself and Jane Doe #3. In May 2009 Ms. RUSCIGNO was fired.

26. In the past several years, an unknown number of female employees were sexually harassed by Mr. Ruiz, including but not limited to, Jane Doe #1, Jane Doe #2, Jane Doe #3, and plaintiff herein.

27. Defendant HILLSTONE, through its agents and employees, knew that Arnolfo Ruiz sexually harassed other female employees besides Ms. RUSCIGNO, but failed to undertake adequate steps to control or otherwise supervise his actions and prevent further harassment from occurring.

28. By virtue of the foregoing, defendant HILLSTONE wrongfully and unlawfully violated California Government Code §12900 et seq., which required defendant to refrain from

ignoring, creating or fostering a sexually hostile work environment.

29.   Plaintiff RUSCIGNO has exhausted her administrative remedies in that she has, within the time required by statute, filed charges with the California Department of Fair Employment and Housing and has received notification of right to sue from these agencies.  A copy of right to sue is attached to this Complaint as Exhibit "A" and incorporated herein by this reference.

30.   As a direct and proximate result of the sexually harassing and retaliatory conduct on the part of the defendant mentioned herein, plaintiff suffered mental and emotional anguish and pain, loss of self-esteem and loss of sleep, humiliation, extreme anguish and anxiety, all to her general damage according to proof.

31.   As a further proximate result of the acts of the defendant, plaintiff has and will suffer loss of earnings in the future in an amount according to proof.

32.   Defendant HILLSTONE was guilty of oppression, fraud or malice within the meaning of Section 3294(a) and (b) of the Civil Code.  The defendant's acts were in willful and conscious disregard for the plaintiff's rights, thereby entitling plaintiff to an award of punitive damages.

33.   Plaintiff has incurred attorney's fees in an amount according to proof.

WHEREFORE, plaintiff prays for judgment against the defendants as later set forth below.

### SECOND CAUSE OF ACTION
(Failure to Maintain Environment Free from Harassment)
(Cal. Gvt. Code §12940(k))

34.  Plaintiff hereby incorporates Paragraphs 1 through 33, inclusive, of the Complaint.

35.  Defendant HILLSTONE failed to take all reasonable steps to prevent sexual harassment against plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Gvt. Code §12940(k).

36.  Specifically, HILLSTONE failed to protect plaintiff RUSCIGNO from the predatory actions of Arnolfo Ruiz after defendant first learned of his harassing conduct in 2003.  The minimal disciplinary actions taken against Mr. Ruiz were insufficient to protect Ms. RUSCIGNO, as the harassment continued on-and-off for several more years.

37.  Plaintiff is informed and believes that defendant HILLSTONE does not enforce its written policy about sexual harassment, did not conduct sexual harassment training during the time period mentioned in this complaint, and has never posted any sexual harassment policies for its supervisors or employees.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as later set forth below.

### THIRD CAUSE OF ACTION
(Retaliatory Discharge- Cal. Gvt. Code §12940(h))

38. Plaintiff hereby incorporates Paragraphs 1 through 37, inclusive, of the Complaint.

39. Defendant HILLSTONE has retaliated against plaintiff in violation of Gvt. Code §12940(h), when General Manager Eric Altfest, acting in the scope of his employment, fired plaintiff after she again complained about Mr. Ruiz's harassment of her and another female employee and demanded he be fired.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as later set forth below.

### FOURTH CAUSE OF ACTION
(Negligent Hiring and Retention)

40. Plaintiff hereby incorporates Paragraphs 1 through 39, inclusive, of the Complaint.

41. It was commonly known among Los Altos Grill management and employees that Arnolfo Ruiz was a notorious and bold harasser of female employees, including plaintiff.

42. Current and past Managers of Los Altos Grill, acting as agents or employees of defendant HILLSTONE, had a duty to use reasonable diligence in employing and retaining Arnolfo Ruiz, and breached that duty by employing Mr. Ruiz for at least five (5) years after his harassing conduct was known.

43. As a proximate result of retaining Arnolfo Ruiz, plaintiff RUSCIGNO and other female employees were repeatedly subjected to a sexually hostile work environment and suffered

emotional anguish and pain, all to their general damage in an amount according to proof.

WHEREFORE, plaintiff prays for judgment against defendant HILLSTONE as follows:

1.    For general damages in an amount according to proof;

2.    For medical and related expenses in an amount according to proof;

3.    For lost earnings, past and future, in an amount according to proof;

4.    For exemplary and punitive damages in an amount according to proof;

5.    For emotional, mental and nervous pain and suffering according to proof;

6.    For attorneys fees in an amount according to proof;

7.    For costs of the suit incurred herein;

8.    For such other and further relief as the court may deem just and proper.

DATED:    10-20-09

Edward N. Ajlouny
Attorney for Plaintiff

# CIVIL LAWSUIT NOTICE

**ATTACHMENT CV-5012**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: 1 0 9 C V 1 5 6 2 5 2

## PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

_RULES AND FORMS:_  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  You may ask to appear by telephone – see Local Civil Rule 8.

---

*Your Case Management Judge is:* **Honorable William J. Elfving**     Department:   **2**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

     Date: **MAR 3 0 2010**    Time: **3:00 pm** in Department:   **2**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

     Date: _____  Time: _____  in Department: _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

< **Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
> < The action is for personal injury, property damage, or breach of contract
> < Only monetary damages are sought
> < Witness testimony, under oath, needs to be evaluated
> < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
> < The parties have complex facts to review
> < The case involves multiple parties and problems
> < The courthouse surroundings would be helpful to the settlement process

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

1   SEYFARTH SHAW LLP
    G. Daniel Newland (State Bar No. 087965)
2   Amy K. Skryja (State Bar No. 214826)
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendant
    HILLSTONE RESTAURANT GROUP, INC.

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                       COUNTY OF SANTA CLARA

11   ALLSUN RUSCIGNO                    )   Case No. 09 CV 156252
                                        )
12              Plaintiff,              )   DEFENDANT HILLSTONE
                                        )   RESTAURANT GROUP, INC.'S
13        v.                            )   ANSWER TO PLAINTIFF'S
                                        )   UNVERIFIED COMPLAINT
14   HILLSTONE RESTAURANT GROUP, INC., a)
     Corporation, dba LOS ALTOS GRILL, and )
15   DOES 1-10                          )
                                        )
16              Defendant.              )   Complaint Filed: November 2, 2009

17

18

19

20       Defendant HILLSTONE RESTAURANT GROUP, INC. ("Defendant") answers Plaintiff

21   ALLSUN RUSCIGNO's ("Plaintiff") unverified Complaint for Damages ("Complaint") as

22   follows:

23                              GENERAL DENIAL

24       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally

25   denies each and every allegation and cause of action in Plaintiff's Complaint, and without

26   limiting the generality of the foregoing, deny Plaintiff has been damaged in any amount, or at all,

27   by reason of any act or omission of Defendant.

28

                                        1

1       Separately, and as defenses to each of the purported causes of action in Plaintiff's

2   Complaint, and pursuant to California Code of Civil Procedure Section 431.30(g), Defendant

3   alleges the following defenses.  In asserting these defenses, Defendant does not assume the

4   burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove:

5   **SEPARATE DEFENSES**

6   **FIRST DEFENSE**

7   (Failure to State a Claim)

8       Plaintiff's Complaint and each and every cause of action purported to be alleged therein

9   fail to state facts sufficient to constitute a cause of action.

10   **SECOND DEFENSE**

11   (Statute of Limitations)

12       Plaintiff's Complaint and each and every cause of action purported to be alleged therein

13   is barred by the applicable statute of limitations including, but not limited to, California

14   Government Code Sections 12960 and 12965, and California Code of Civil Procedure Sections

15   335.1, 337, 338(a), 339 and 343.

16   **THIRD DEFENSE**

17   (Failure to Exhaust Administrative Remedies)

18       Plaintiff's Complaint and each and every cause of action alleged therein is barred to the

19   extent Plaintiff has failed to exhaust her administrative remedies pursuant to California

20   Government Code Sections 12960, 12965 and all other applicable laws.

21   **FOURTH DEFENSE**

22   (Scope of Administrative Charge)

23       In the event Plaintiff filed an administrative charge with the California Department of

24   Fair Employment and Housing, Plaintiff's causes of action are barred to the extent that the

25   claims and allegations in the Complaint were not contained in Plaintiff's charge of

26   discrimination.

27

28

## FIFTH DEFENSE

### (Laches, Unclean Hands, Waiver and Estoppel)

Plaintiff is not entitled to any relief to the extent she forfeited her right to relief under the doctrines of laches or unclean hands, waived her right to relief, or is estopped from seeking the relief requested in the Complaint.

## SIXTH DEFENSE

### (Management Discretion)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant were a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

## SEVENTH DEFENSE

### (Legitimate Business Reasons)

The Complaint and each and every cause of action set forth in the Complaint is barred because all actions undertaken by Defendant were accomplished for legitimate, nondiscriminatory business reasons.

## EIGHTH DEFENSE

### (Consent and Ratification)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent any conduct attributable to Defendant was ratified or consented to by Plaintiff.

## NINTH DEFENSE

### (Failure to Take Advantage of Defendant's Safeguards Against Harassment/Retaliation)

Defendant exercised reasonable care to avoid harassment/retaliation and to eliminate it when it might occur, and Plaintiff failed to act with like reasonable care to take advantage of the safeguards to otherwise prevent the harm that could have been avoided.

3

## TENTH DEFENSE

### (No Hostile Work Environment)

Any and all conduct of which Plaintiff complains, if it occurred, was not sufficiently severe or pervasive to create a hostile work environment.

## ELEVENTH DEFENSE

### (Reasonable Investigation)

Any statements or actions alleged by Plaintiff to have been made or done by Defendant, if made or done, were made or done after investigation and on the basis of reasonable grounds for belief in their truth and correctness, with an honest belief in their truth and correctness, and in good faith and without malice.

## TWELFTH DEFENSE

### (Failure to Take Advantage of Corrective Opportunities)

Plaintiff's causes of action are barred, and any recovery of damages is precluded in whole or in part because, on information and belief, Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities, or unreasonably failed to avoid harm otherwise.

## THIRTEENTH DEFENSE

### (No Causal Connection)

Plaintiff's retaliation claims fail as they cannot establish a causal connection between any purported protected activity and any adverse action(s) allegedly taken against her.

## FOURTEENTH DEFENSE

### (After-Acquired Evidence)

Plaintiff's Complaint and each and every cause of action are barred to the extent she engaged in any fraud or misconduct of any kind whatsoever of which Defendant was unaware until after Plaintiff's departure, and which, if known, would have caused Plaintiff to be terminated or not hired in the first place.

4

### FIFTEENTH DEFENSE

(Failure to Mitigate)

Plaintiff is not entitled to back pay and/or other damages for any claim purported to be alleged in her Complaint to the extent that she failed to seek and obtain other employment, and otherwise failed to mitigate her alleged loss of wages or other damages.

### SIXTEENTH DEFENSE

(Duplicate Damages)

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receive here for the same injury.

### SEVENTEENTH DEFENSE

(Damages Not Caused by Defendant)

Plaintiff's injury, damages, loss and/or detriment, if any, were caused, in whole or in part by others other than Defendant and any injuries, damages, loss and/or detriment allegedly incurred by her were not the result or cause of any acts, omission, or other conduct of Defendant.

### EIGHTEENTH DEFENSE

(Comparative Negligence)

If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, or by other factors outside of Plaintiff's employment relationship with Defendant. Furthermore, Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by the Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

1

## NINETEENTH DEFENSE

2

### (Contrary to Defendant's Policies)

3   Plaintiff may not recover punitive damages against Defendant for the employment

4   decisions of its agent(s) to the extent that those decisions were contrary to policies Defendant

5   instituted against wrongful conduct.

6

## TWENTIETH DEFENSE

7

### (Outside the Scope of Employment)

8   Defendant is not liable for the alleged conduct of its employees to the extent that such

9   conduct was outside the course and scope of their employment.

10

## TWENTY-FIRST DEFENSE

11

### (No Causation)

12   Plaintiff's injuries or damages, if any, were not proximately caused by the acts of

13   Defendant.

14

## TWENTY-SECOND DEFENSE

15

### (Pre-existing Psychological Disorder)

16   To the extent that Plaintiff suffered any symptoms of mental or emotional distress or

17   injury, they may be the result of a pre-existing psychological disorder or alternative concurrent

18   cause, and not the result of any act or omission of Defendant.

19

## TWENTY-THIRD DEFENSE

20

### (Workers' Compensation Exclusivity)

21   Plaintiff's claims for purported emotional injuries allegedly suffered during or as a result

22   of her employment are barred in whole or in part because Plaintiff's sole and exclusive remedies,

23   if any, lie under the California Workers' Compensation Act, Labor Code §§ 3601, *et seq.*

24

## TWENTY-FOURTH DEFENSE

25

### (Failure to State Claim for Punitive Damages)

26   Plaintiff is not entitled to recover any punitive, double or exemplary damages, and any

27   allegations with respect thereto should be stricken because Plaintiff has failed to plead and

28

1   cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to

2   California Civil Code Section 3294.

### TWENTY-FIFTH DEFENSE

(Unconstitutionality of Punitive Damages)

Plaintiff's causes of action are barred to the extent that punitive damages are
unconstitutional under the State and Federal Constitutions.

### TWENTY-SIXTH DEFENSE

(Lack of Malice)

Defendant alleges that, assuming, arguendo, any conduct alleged by Plaintiff occurred,
such conduct was not the result of purposeful, bad faith, knowing, willful, intentional,
oppressive, fraudulent, malicious, despicable, or callous motive by Defendant.

### TWENTY-SEVENTH DEFENSE

(Violation of Due Process)

Plaintiff's purported causes of action, to the extent they seek punitive damages, violate
the right of Defendant to procedural due process under the Fourteenth Amendment of the United
States Constitution and the Constitution of the State of California.

### TWENTY-EIGHTH DEFENSE

(Attorneys' Fees)

Plaintiff knew or should have known that the claims in the Complaint are without any
reasonable basis in law and equity, and cannot be supported by a good faith argument for
extension, modification or reversal of existing law.  As a result of the filing of this Complaint,
Defendant has been required to obtain the service of the undersigned attorneys, and have and will
continue to incur substantial costs and attorneys' fees, expenses, and costs incurred by and
through this action.

### ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a
belief whether there may be additional, as yet unstated, defenses and reserves the right to assert

7

1    additional defenses in the event that discovery or investigation indicates that such defenses are

2    appropriate.

3         WHEREFORE, Defendant prays for judgment as follows:

4         1.    That Plaintiff takes nothing by her Complaint;

5         2.    That the Complaint and each and every cause of action be dismissed in its entirety

6    with prejudice;

7         3.    That Defendant be awarded reasonable attorneys' fees, expenses, and costs of suit

8    in an amount determined by this Court; and

9         4.    For such further relief as the Court may deem proper.

10

11   DATED: December 7, 2009                         SEYFARTH SHAW LLP

12

13                                        By
                                               Amy K. Skryja
14                                        Attorneys for Defendant
                                          HILLSTONE RESTAURANT GROUP,
15                                        INC.

16   SF1 28378070.1 / 25305-000003

17

18

19

20

21

22

23

24

25

26

27

28

8

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On December 8, 2009, I served the within documents:

DEFENDANT HILLSTONE RESTAURANT GROUP, INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ I sent such document from facsimile machine (415) 397-8549 on December 8, 2009. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

John C. Stein, Esq.                     Edward N. Ajlouny, Esq.
Boccardo Law Firm Inc.                  Attorney at Law
111 W. St. John St., Ste 400            111 W. St., John St., Ste 555
San Jose, CA 95113                      San Jose, CA 95113
408-298-5678                            408-297-6425
Attorneys for Plaintiff                 Attorneys for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 8, 2009, at San Francisco, California.

_Kathy J. Truesdale_
Kathy J. Truesdale