**E-Filed 3/15/2010**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

|  |  |
|---|---|
| ALLSUN RUSCIGNO,<br><br>                    Plaintiff,<br><br>        v.<br><br>HILLSTONE RESTAURANT GROUP INC., a<br>Corporation, dba LOS ALTOS GRILL, and DOES<br>1-10<br><br>                    Defendant. | Case No. 09-5766-JF (PVT)<br><br>**ORDER[1] GRANTING MOTION<br>FOR JOINDER AND TO REMAND**<br><br>[re: document no.  8] |

Plaintiff moves to amend her complaint to add Arnolfo Ruiz as a defendant and to remand the instant action to state court .  The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on February 26, 2010.  For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

Plaintiff Allsun Ruscigno ("Plaintiff") filed this action on November 2, 2009 in the Santa

---

[1] This disposition is not designated for publication in the official reports.

Clara Superior Court, naming her former employer, Hillstone Restaurant Group, Inc. ("Hillstone") as the sole defendant.   Hillstone answered the complaint on December 8, 2009. The next day, Hillstone removed the action to this Court on the basis of diversity of citizenship.

Plaintiff alleges the following facts.  She was hired by Hillstone to work at the Los Altos Grill as a waitress and bartender.  Complaint ¶ 7.  She worked at the restaurant from March 2003 until May 2009, except for a period of approximately two months in late 2004 and a period of approximately twelve months between September 2005 and October 2006.  Complaint ¶ 13-15, 25.  During the majority of her employment, she was sexually harassed by Ruiz, a co-employee who worked as a member of the kitchen staff.  Complaint ¶ 8.  Ruiz would touch her, follow her in the restaurant and parking lot, and press his body against hers.  Complaint ¶¶ 10, 14, 17-18.  Ruiz also sexually harassed other co-workers.  Complaint ¶ 26.  Plaintiff complained to management about Ruiz's conduct.  Complaint ¶¶ 12, 19, and 24.  Management responded by apparently suspending Ruiz following each of Plaintiff's first two complaints.  Complaint ¶¶ 12, 22.  In or about January of 2009, Plaintiff demanded that Ruiz be fired.  Complaint ¶ 22, 24. Ruiz was fired two weeks later.  *Id.*  Plaintiff was fired in May 2009.  Complaint ¶ 25.

Plaintiff alleges that Hillstone is liable for (1) maintaining a hostile work environment, (2) failing to maintain an environment free from harassment, (3) retaliatory discharge, and (4) negligent hiring and retention.  She now seeks to amend her complaint to add Ruiz as a named defendant.  A proposed First Amended Complaint is attached to her moving papers.  Because Ruiz is a California resident, his presence as a defendant would destroy this Court's diversity jurisdiction.

## II. JOINDER AND REMAND

### A.    Legal Standard

Where a plaintiff seeks to add a defendant whose presence would destroy diversity in a properly removed action, a court may either (1) deny joinder or (2) permit joinder and remand the action.  28 U.S.C. § 1447(e) ("Section 1447(e)"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  Whether to permit the joinder under Section 1447(e) is in the discretion of the Court.  *Id.* at 691.

2

In deciding whether to permit joinder under 28 U.S.C. 1447(e), the Court should consider the following factors ("the 1447(e) factors"): (1) whether the party sought to be joined is needed for just adjudication and would be subject to joinder under Federal Rule of Civil Procedure 19(a); (2) whether the applicable statute of limitations would prevent the filing of a new action against the defendant sought to be joined if the court denied joinder; (3) whether there has been unexplained delay in seeking joinder; (4) whether joinder is sought for the sole purpose of defeating federal jurisdiction; and (5) whether the claim against the new party appears to be valid. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1990) (citations omitted).

**B.     Discussion**

Plaintiff contends that Ruiz is a joint tortfeasor, in that he engaged personally in the subject sexual harassment. Plaintiff asserts that Ruiz's whereabouts were unknown at the time she filed her original complaint but that she now has this information.

**1. Rule 19(a)**

Rule 19(a) requires joinder of persons whose absence (1) would preclude the grant of complete relief, (2) would impede such persons' ability to protect their interests, or (3) would subject any party to the danger of inconsistent obligations. *See* Fed. R. Civ. P. 19(a); *Clinco*, 41 F. Supp. 2d at 1082. However, "[a]lthough courts consider whether a [person] would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-1012 (N.D. Cal. 2000); *see also Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989) (finding that Section 1447(e), not the "more restrictive approach under Rule 19", controls the court's decision to deny joinder or to permit joinder and remand.). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when the person to be joined is "only tangentially related to the cause of action or [non-joinder] would not prevent complete relief." *IBC*, 125 F. Supp. 2d at 1012.

Plaintiff alleges that Ruiz was the active participant in the sexual harassment. To prevail on her claims against Hillstone, Plaintiff first would have to show that Ruiz's conduct actually

3

created a hostile work environment.  A separate action against Ruiz for sexual harassment thus would be redundant and potentially could lead to inconsistent outcomes.  This factor strongly favors joinder and remand.

### 2. Statute of limitations

Plaintiff agrees that the applicable statute of limitations would not preclude her from filing a separate action against Ruiz in state court.  Plaintiff filed an administrative complaint naming Ruiz with the California Department of Fair Employment and Housing in June 2009.  The Department issued a right-to-sue notice on July 9, 2009.  Cal. Gov. Code § 12965(b) allows Plaintiff one year from the date of that letter to file an action based on any party named in her administrative complaint.  Because the applicable statute of limitations would not prevent Plaintiff from filing a new action against Ruiz, this factor disfavors joinder and remand.

### 3. Unexplained delay

Hillstone argues that Plaintiff's motion should be denied because Plaintiff had notice of all of her potential claims against Ruiz before she filed her original complaint.  Plaintiff explains that Ruiz was not named in the original complaint because his whereabouts were unknown when the initial action was filed.  Plaintiff filed the instant motion approximately two months after filing her original complaint.

A delay of approximately two months is not necessarily an unreasonable delay. *See Clinco*, 41 F. Supp. 2d at 1083 (finding a delay of six weeks to be "not unreasonable"); *cf. Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (a pre-Section 1447(e) case finding that seeking to join a defendant after six months was "too late").  There has been no activity in the case since Hillstone removed it except for activity related to the instant motion for joinder and remand.

From a legal standpoint, Plaintiff's lack of knowledge of Ruiz's whereabouts was not a barrier to an action against Ruiz.  Cal. Code Civ. Pro. § 583.210(a) provides that service can be made upon a defendant within three years of filing the complaint.  Cal. Code Civ. Pro. § 415.50 allows for service by publication upon a defendant whose whereabouts are unknown so long as there is a showing that the defendant cannot "with reasonable diligence" be served by another

4

method.

**4. Motivation for filing**

Hillstone contends that Plaintiff's motion for joinder represents a thinly-veiled attempt to destroy diversity and argues that Plaintiff's true motivation may be gleaned from her unconvincing explanation regarding her delay in naming Ruiz as a defendant. However, it appears to the Court on balance that Plaintiff simply was mistaken with respect to the legal significance of her inability to locate Ruiz. Absent this mistake, the instant case *only* could have been filed in state court.

**5. Apparent validity of the claim**

Hillstone concedes that Plaintiff does have an apparently valid claim against Ruiz, based upon the alleged sexual harassment itself. Hillstone argues that Plaintiff's remaining claims (failure to maintain an environment free from harassment, retaliatory discharge, and negligent hiring and retention) cannot be valid against Ruiz as a co-employee. Nonetheless, the apparent validity of the first claim favors for allowing joinder and remand.

### III. CONCLUSION

Good cause appearing, the motion to amend and remand is granted. The Clerk shall transmit the file to the Santa Clara Superior Court.

**IT IS SO ORDERED.**

DATED: 3/12/2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 09-5766 JF (PVT)
ORDER GRANTING MOTION FOR JOINDER AND TO REMAND
(JFEX1)